ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| ASOCIACIÓN CÍVICO RECREATIVA CAPARRA HILLS<br><br>Recurrida<br><br>v.<br><br>ARTURO MEDINA RUIZ<br><br>Peticionario | TA2026CE00220 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Caso Núm.:<br>D2CD2010-0241<br><br>Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece Arturo Medina Ruiz ("señor Medina Ruiz" o "Peticionario") mediante *Petición de Certiorari* y nos solicita que revoquemos una *Orden* emitida el 23 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Guaynabo ("TPI"). En virtud del aludido dictamen, el TPI autorizó la ejecución de la sentencia dictada en el año 2013.

Por los fundamentos que proceden, se *desestima* el recurso, por incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

### I.

El 20 de febrero de 2026, el señor Medina Ruiz acudió ante esta Curia mediante *Petición de Certiorari*. La parte realizó los siguientes señalamientos de error:

> **Erró el Honorable Tribunal al autorizar la ejecución de una obligación declarada por sentencia que se encuentra vencida conforme al término prescriptivo establecido en el Código Civil de Puerto Rico.**

> **Erró el Honorable Tribunal al autorizar la ejecución de una sentencia final desde el 8 de septiembre de 2013, sin considerar la falta de justificación e incuria de los directores de la parte Recurrida para no haber ejecutado dentro del término de cinco (5) años.**

Sostuvo que, el 8 de agosto de 2013, el TPI dictó una Sentencia en el caso de epígrafe.[1] Expuso que, el 16 de octubre de 2026, la Asociación Cívico Recreativa Caparra Hills presentó una moción sobre ejecución de sentencia, la cual no cumplió con la normativa procesal.[2]

Manifestó que, el 27 de octubre de 2025, la Asociación Cívico Recreativa Caparra Hills presentó una *Moción Solicitando Ejecución de Sentencia y a tenor con la Regla 51.1*. Expuso que, el 30 de octubre de 2025, presentó su oposición a la solicitud de ejecución de sentencia.[3]

Añadió que, posteriormente, el 10 de diciembre de 2025, presentó una *Moción en Solicitud de Relevo de Sentencia*, la cual expresó que fue denegada. Señaló que, posteriormente, el 15 de enero de 2026, radicó una *Moción en Solicitud de Remedio*. Siendo así, relató que el 23 de enero de 2026, el TPI denegó la solicitud de remedio y, a su vez, autorizó la ejecución de la sentencia.[4]

Por su parte, el 26 de febrero de 2026, la parte apelada notificó una moción intitulada *Desestimación y Falta de Jurisdicción*. En síntesis, sostuvo que el recurso de *certiorari* incumple con el Reglamento del Tribunal de Apelaciones.

Examinado el recurso, así como la solicitud de desestimación, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

### -A-

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo*

---

[1] La parte peticionaria no presentó copia de la Sentencia.
[2] La parte peticionaria no presentó copia de la moción.
[3] La parte peticionaria no presentó copia de la moción.
[4] Surge de la *Orden* recurrida que el TPI autorizó una moción intitulada *Moción Solicitando Orden y Mandamiento Ejecución de Sentencia*. La parte peticionaria no presentó copia de la referida moción.

*v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, *op. cit.,* pág 109.

**-B-**

Como es sabido, "[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento". *Morán v. Marti,* 165 DPR 356, 367 (2005). En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés,* 171 DPR 250 (2007), *Arriaga v. F.S.E.,* 145 DPR 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti, supra.*

En lo aquí pertinente, la Regla 32 del Reglamento del Tribunal de Apelaciones dispone que el recurso de *certiorari* deberá ser presentado dentro de los treinta (30) días siguientes a la fecha en que se haya dictado la determinación recurrida. Regla 32 del Reglamento del Tribunal de Apelaciones, *op. cit.,* pág. 47.

Por otro lado, la Regla 34 de nuestro Reglamento regula todo lo relacionado al contenido de los recursos de *certiorari.* Regla 34 del Reglamento del Tribunal

de Apelaciones, *op. cit.*, págs. 51-54. De manera particular, la referida regla establece que el escrito deberá contener lo siguiente:

(C) Cuerpo

> (1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
>> (a) [...]
>>
>> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
>>
>> (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari. [...]
>>
>> **(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.**
>>
>> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.
>>
>> (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

[...]

(E) Apéndice

> (1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:
>
>> (a) Las alegaciones de las partes, a saber:
>>
>>> (i) [...]
>>>
>>> (ii) en casos criminales, la denuncia y la acusación, si la hubiere.
>>
>> **(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita**, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.
>>
>> **(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.**

**(d) Toda resolución u orden, y toda moción** o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, **en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari**, o que sean relevantes a esta. [...]

(Énfasis suplido)

Las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

**III.**

En el recurso que nos ocupa, la parte peticionaria nos solicita que revisemos la determinación en virtud de la cual el foro de instancia autorizó la ejecución de la Sentencia emitida en el año 2013. Por incidir sobre nuestra facultad revisora, los planteamientos sobre falta de jurisdicción levantados por la parte recurrida serán atendidos con primacía.

Del escrito presentado no surge una relación concisa de los hechos procesales y materiales del caso, conforme exigen las disposiciones de nuestro Reglamento. Al examinar el apéndice del recurso, nos percatamos de que el mismo solo cuenta con: (1) la *Moción Solicitando Ejecución de Sentencia y a tenor con la Regla 51.1*; (2) la *Moción en Solicitud de Relevo de Sentencia*; (3) la *Moción en Solicitud de Remedio*; y (4) las órdenes recurridas. Como resultado, los documentos presentados en el apéndice tampoco nos permiten examinar el tracto procesal del caso. Asimismo, de un examen de la *Orden* recurrida, constatamos que la misma declaró Ha Lugar una moción intitulada *Moción Solicitando Orden y Mandamiento Ejecución de Sentencia*, cuya copia no fue presentada por la parte peticionaria.

Tal incumplimiento nos impide auscultar si procede atender el recurso en sus méritos y revisar la corrección de la determinación recurrida. De manera tal que nos vemos impedidos de asumir jurisdicción y ejercer nuestra facultad revisora. Cónsono con lo anterior, procedemos a desestimar el recurso de epígrafe, de conformidad con la facultad que nos confiere la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso de *certiorari*, por incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones